Judge Winter is joining us by telephone. He will not be on video, but please take care if he asks a question to stop what you're saying so we can hear him. Because all parties are here, I won't call the calendar and we'll start with Ruschenskaya v. HealthPort Technologies. Thank you. May I proceed? Yes, please. Good morning and may it please the Court. My name is Matthew Jasinski with Motley Rice. With me at council table is Michael Pendle, my law partner. We represent the plaintiff Tatyana Ruschenskaya in this class action. Newark Public Health Law section 18 allows health care providers to impose a reasonable charge for copies of medical records not exceeding the costs incurred by such provider or 75. Does HealthPort meet the test of being a health care provider? It does not. HealthPort has, HealthPort in this case has never disputed that it will accept responsibility for any overcharges that occurred. It's not because it is a health care provider under the statute, it's because it chose to litigate this case by saying the buck stops with us. Beth Israel delegates responsibility to HealthPort both to fulfill the request and also confers the right upon HealthPort to charge what it wants for those requests for the copies and to keep that fee in its entirety. But Beth Israel is delegating both its responsibility to furnish these copies and its right to charge. HealthPort would not have a right to charge under section 18 otherwise because section 18 provides that a health care provider may that HealthPort would not be meet the definition, isn't that correct? HealthPort, we in the amended complaint acknowledge HealthPort is not a health care provider but that is not dispositive here for at least two reasons. First, HealthPort stipulated that it is subject to the obligations of a health care provider in New York under section 18. That stipulation is key and whatever motivated it, whether it was HealthPort's view of the law or HealthPort's view of its contract with Beth Israel, in which it promised that it would charge requesters consistent with state law and the state law here is section 18. So HealthPort stipulated that it is subject to the obligations of a health care provider irrespective of whether section 18 would independently or could independently be construed to apply to... The statute could have been drafted to allow for a health care provider or a provider and they can't make themselves into a health care provider by stipulating, can they? No, but they can accept responsibility for overcharges in this case, Your Honor. They can't, they're not transforming themselves into a health care provider but because of their relationship with Beth Israel, they said, look, we accept responsibility in this case. In fact, that's the reason why Beth Israel was dismissed without prejudice from this case because HealthPort said we're not going to challenge the fact that we can be held responsible here. They ultimately stipulated that fact. So it's not a stipulation as to what section 18 means. It's a stipulation that HealthPort is willing to accept the obligation of a health care provider not to charge in excess of the fees allowed under section 18. And that's crucial because otherwise every health care provider in New York would be able to outsource its medical records copying, free itself entirely from the obligation to charge a cost-based fee, and then a company like HealthPort could charge whatever it wanted to. There's a 75-cent absence... This is Judge Winter in New Haven. I don't understand that argument. It seems to me that the statute allows you to sue Beth Israel and Beth Israel maybe can collect from HealthPort. But the fact is the statute is quite clear that it's the health care provider, and our saying that they can't... you can't sue HealthPort under that statute in no way allows health care providers to escape liability. Judge Winter, Beth Israel does not retain any fee. In fact, the district court dismissed the undressed enrichment claim against Beth Israel because the entirety of the fee is retained by HealthPort. HealthPort decides how much it's going to charge. So once Beth Israel passes this off to HealthPort, HealthPort is standing in Beth Israel's shoes, which is exactly what HealthPort had stipulated to and conceded in the district court. So even if Your Honor were to view section 18 as not imposing any responsibility on a third party that takes over not only the copying function, but also the right to charge what it wants and retain that fee from the provider, the stipulation still controls in this case because they have accepted responsibility. Yeah, but Beth Israel's contract with HealthPort doesn't relieve Beth Israel of whatever statutory obligations it has. It may not, but it certainly imposes upon HealthPort the obligation to comply with them, which we think, Your Honor, means that we could sue both of them. It turns out HealthPort, the obligation to pay Beth Israel if Beth Israel is sued. Which is why, which may be the motivation for why HealthPort in this case said we will accept responsibility. You don't have to sue Beth Israel because we will stipulate that we are subject to the obligations of a health care provider. I am very reluctant to recognize what is the stipulation of law as governing us in any particular case. In fact, I can think of a case in the Supreme Court said 9 to nothing, securities case, that you can't stipulate as the law. And the reason, of course, is if you allow people to stipulate as the law, we would be deciding hypothetical cases. This is not a stipulation of law. What is it then? This is a stipulation of fact that HealthPort agreed to accept responsibility in this case. It's not a stipulation as to the meaning of Section 18. It certainly doesn't need to be. There's an agreement between Beth Israel and HealthPort where the agreement says Beth Israel gets these services at no cost. It also, as part of this relationship, gets free copies for itself, which are effectively being subsidized by the plaintiffs who pay 75 cents per page to HealthPort for their copies. That's the relationship here. HealthPort says we'll do everything for you, including your own free copies. We'll charge these requesters what we want to charge them. And they charge 75 cents per page. However, the agreement says HealthPort agrees that it will charge requesters in accordance with State law and has accepted the responsibility of that. So it's not a stipulation of law as to what Section 18 means. This Court can — It's a private contract. It is a private contract, Your Honor, but as we point out in the brief, we are a third-party beneficiary. There's nobody else that would benefit from this restriction. There's nobody else that benefits from a restriction to charge requesters in compliance with Section 18. If the Section 18 75-cent cap applies in this case, and I would ask you to ask my adversary whether it does, then the cost limitation also applies. Thank you. You've reserved some time for rebuttal. Yes. Thank you, Your Honor. We'll hear from HealthPort. Good morning. May it please the Court, Your Honors. Jay Lefkowitz, representing HealthPort. And I want to, I think, just address Judge Pooler, your question, and then Judge Winter's question, because I think they get to the heart of this. As Your Honor acknowledged right at the beginning, the text of Section 18 makes clear that it imposes a duty to bill at cost solely on health care providers. And in fact, as Judge Engelmeyer recognized, simply the mechanics of the billing arrangement here do not convert HealthPort into a health care provider. Now, this does not mean that a health care provider cannot be sued, and that was Judge Winter's point, but I just want to acknowledge an important statement that the plaintiffs themselves, the appellants made at page 40 and 41 of their opening brief here. They acknowledge that where a vendor is paid by a provider to assist in filling records requests, they would be entitled to charge whatever the market can bear. So in other words, they acknowledge that we are dealing simply with form over substance. The fact that in this case Beth Israel's vendor didn't take the simple extra step of sending the bill to Beth Israel so Beth Israel can send it doesn't change the reality of what happened. And as Judge Engelmeyer said, only health care providers are subject to the statute. The billing arrangement doesn't convert a records provider, a records vendor, into a health care provider. Do you believe that HealthPort is not under any obligations in this statute, Public Health Law, Section 18? Well, I don't think it is under any direct obligation, but clearly if HealthPort were to charge more than 75 cents, it would be sued by its health care provider. There's an indemnification obligation, and so that is the check to protect the plaintiffs. And in fact, Judge Engelmeyer, after he kind of reconceived of this case shortly before summary judgment and asked all the parties not to be bound and not to play gotcha based on prior statements by anyone, but to focus on what he identified as the heart of the issue on a both parties, and this is at page, this is at SPA 79, he said, look, there may still be a claim that the plaintiff has against Beth Israel for not picking the lowest cost provider, for not doing its shopping properly with respect to its ROI provider. Maybe it could have gotten an ROI provider that was less expensive. But no one took, they did not take him up on that opportunity, even though they were invited to twice by Judge Engelmeyer. Had they already dismissed Beth Israel from the case at that point? They had actually dismissed Beth Israel from the case, Judge Kiersten. This is quite important. Two years and four months before the stipulation at issue was even made. They dismissed Beth Israel in 2017 in June. It was January of 2015, well before this was even a stipulation that they dismissed Beth Israel. They dismissed them without prejudice. But the final point I want to make, Your Honor, is, and I think Judge Winter was absolutely correct, there is a unanimous Supreme Court case, United States National Bank of Oregon, which is at 508 U.S., and the site is at 446, where the court says when an issue or the court is not limited to the particular legal theories advanced by the parties, but rather retains an independent power to identify and apply the proper standard of law, even if there are stipulations by the party on point. And finally, to the extent that the petitions are, the appellants are now arguing that this wasn't a stipulation of law, it was a stipulation of fact. Judge Engelmeyer at SPA 92 specifically says in the section of his opinion on estoppel that health court has never affirmatively conceded that it was subject to such a legal duty. And a stipulation based on facts, if it's under judicial or equitable estoppel in this circuit, is reviewed under an abuse of discretion. Counsel, why wouldn't we ask the New York State Court of Appeals to tell us how to interpret public health law section 18? Your Honor, because certifications to the Court of Appeals are for statutes that are not clear on their face. The most recent time this court certified an issue was in 2009 in the Haar v. Nationwide Mutual Fire Insurance case, 918 F. 3rd, 231. The question there was does New York public health law create a condition for bad faith and malicious reporting to the Office of Professional Medical Misconduct? And there, there was a real textual question about what an implied right was and what did the legislature mean. Here, as Your Honor pointed out, they could have written this statute the way some other states have written, that say the obligation under these records rules is not limited to a provider but to anyone who sends a bill or anyone who provides a record. That was the statute at issue in a case that they cited in their briefing. But I think in certain circumstances you can fairly read hospital provider or its delegate since the delegate is performing the task under the law. That is not shocking to me as an interpretive tool. Well, Your Honor, I think, obviously, far be it for me to tell you how to do an interpretation. I know, I know that, but I mean, it's a straight-faced appeal that they have before us, saying that it's either Beth Israel or the entity that Beth Israel delegated to supply the medical records. Correct, but Your Honor, two points. Number one, the statute doesn't say delegate. It would have been very easy to say it and, in fact, when you have statutes that, on their four corners, define who the party is who is subject, in terms of statutory interpretation, and this is clear that the D.C. Circuit has an en banc decision in a railway labor case that specifically instructs that you don't add additional words. You don't have to say, it regulates these parties but no one else. We read the statute. But number two, the fact... Artificial entities always act through their agents. Why shouldn't the health court be considered an agent? Other than this relationship with the hospital, health court has no right even to see these medical records, isn't that right? That is correct, Your Honor, and that... And it's the hospital that has the duty to provide the copies to the patients. So if it's acting through its agent, then why aren't the statutory restrictions imposed on the entity that has the obligation applicable to actions through its agent? For the same reason, Your Honor, that this court held in the Title VII context, just recently clarifying a long-running kind of question of interpretation, that you can only sue an employer for a Title VII violation, not an employee, because the statute speaks to the employer, unlike the New York statute, more like the statute in Iowa that they are citing here. But Your Honor, I would answer your point beyond just the legal point here. Think about what's happening here. Health court is simply serving as a vendor here for Beth Israel. Beth Israel has the legal obligation and if the patient, the requester, is charged more than the statutory amount, he or she always has a right of action against the provider and the check within that system is that the provider will, of course, seek indemnification from the entity that's doing the records provision. But the plaintiffs acknowledge that there is no restriction. This is their point at page 40 and 41 of their brief. There is no reason why an entity that is providing the records can't make a profit on its work. And if the legislature had wanted to do, for example, what the Congress did, Congress originally only regulated covered entities in the HIPAA statute and then when they came along with the HITECH statute in 2009, they added specifically to regulate business associates like PsyOx or like Health Port here. So I would submit, Your Honor, that Judge Engelmeyer got it right both because he read the statute clearly. He also understood as a factual matter that we had not ever stipulated that we owe the duty of the health care provider. We may step into the shoes and we may ultimately have to indemnify the health care provider, but we are not the health care provider. But don't you owe the duty of fulfilling the request for medical records? And there's no question that we didn't, Your Honor, fulfill the duty and there's no question. That's what Judge Kearse was asking about. Doesn't the obligation go with the duty to perform? We have a duty to Beth Israel to fulfill all of the requests in conformity with the law, but the law applies to them. And so if there's any... That doesn't seem very even-handed. You have a duty to perform what Beth Israel has to do, but yet you cannot be sued under that only? And neither can Beth Israel? Beth Israel can be sued, Your Honor. There's absolutely no reason why Beth Israel can't be sued. But then their answer is, we didn't do it. Well, they dismissed Beth Israel long before this stipulation and this issue came up in the case, but they dismissed them without prejudice, Your Honor. The statute clearly provides that if a patient is charged more than 75 cents or more than the provider's cost, then there is an action that lies against the provider. Here, all the provider did was go in the same way they might have gone to Kinko's to copy all of the records, and they would have passed on the costs of Kinko, which would have been, as they acknowledge, an appropriate cost, even if it was a charge above Kinko's cost. Here, Health Port does the work, and of course, they're doing the work in concert with Beth Israel. Both parties are having costs incurred, and then the ultimate cost that's passed on to the petitioner here is no more than 75 cents. And even then, if they believe that that 75 cents, even though it's within the statutory cap, is unreasonable, they can sue Beth Israel. And if they have a claim against Beth Israel, you can be sure Beth Israel will turn around and collect from Health Port. This is Judge Winter. Can I ask you, is there any easy way for us to remand this case and have Beth Israel restored as a party defendant? Your adversary mentioned that the dismissal was without prejudice. Your Honor, I would say, in answer to your question, I'll give you a procedural and a substantive answer. Procedurally, obviously, they could seek to amend the complaint to add Beth Israel as a defendant. It would probably require first filing a Rule 60B motion, because they didn't file a motion under Rule 59E or an initial Rule 60 motion. But they are certainly free to do that. I think what Judge Engelmeyer would say is, just as he said in his opinion, the mechanical difference here between whether Health Port sends a bill to Beth Israel is a distinction without a difference. And so if Beth Israel were standing here today, Beth Israel would say to this court or to Judge Engelmeyer, look, we outsourced this to Health Port. Health Port charged us $0.75. That is a cost to us to fulfill the records. It does not violate the statute. And so I think Judge Engelmeyer would draw exactly the same conclusion on a different opinion, because he basically speaks to not elevating form over substance. That's a very different. Saying Beth Israel complied with the statute is a very different ruling from saying Beth Israel is not a party to this case and is a necessary party. Your Honor, again, the plaintiffs let Beth Israel out of this case long before there was any stipulation. I understand that. Let me ask you another question. Is the issue that we've been discussing one of the York Law, and why shouldn't we certify it? So, Your Honor, as I said, I tried to explain to Judge Pooler, I think the reason it should not be certified is because there's no ambiguity whatsoever in the statute. And this court certifies questions to a state Supreme Court when there's some question of interpretation, when the language isn't clear on its face. And the last point I'll make, because I know my time is up, Your Honor, is the reason why they let Beth Israel out of the case is their claim was never that Beth Israel's costs combined with Health Port's costs violated the statute. Their claim in this case has always been merely because Health Port charged more than its costs, there was a violation of the statute. And that's why their target was never Beth Israel. Their target was Health Port. And John Jengelmeyer recognized that Health Port can't be sued under those terms. Thank you. Well, I intend to ask, take the podium, please. I intend to ask the attorney for the plaintiff, why you let Beth Israel off the hunk? Why did you dismiss them? So it's not in the record, Your Honor, but there was an agreement with Beth Israel and an agreement with Health Port. And I can represent to the Court that we were entitled to bring Beth Israel back into the case if there were a finding that it was a necessary party. Health Port never moved that Beth Israel was a necessary party. And there's a reason, because it didn't believe that it was, and because it was willing to stipulate. The reason was that it thought it could get out without anybody being brought back in. Actually, Judge Kearse, I don't think so. And the reason is because I know Mr. Lefkowitz mentioned the timing of the stipulation that ultimately ended up in the pretrial order. But if you go back to 2015, for example, in Judge Jengelmeyer's class certification ruling, John Jengelmeyer addresses this issue directly. This is on SPA Special Appendix 7, says the term health care provider is a health care facility or health care practitioner. Health Port does not dispute that Section 18 applies to it as the entity to whom Beth Israel, a health care provider, delegated responsibility under Section 18 for responding to requests for medical records. We were all on the same page about this. We were all on the same page that Health Port could be the defendant in this litigation. Step back for a minute. Is it your claim that Health Port is charging more than the statutory provided, 75 cents a page? The statute does two things. It caps the fee at not more than the lesser of the costs incurred by such provider or 75 cents per page. So that you want to get at the real costs and you think that they're charging more than what it costs them to provide the records. And we would contend the evidence would show they're charging more than what it costs them and Beth Israel combined, and we were prepared to try that issue. I think what's important in this case is that Health Port's position had always been that it could charge both for its own costs and costs for Beth Israel, despite having never figured out what those were, and that it could charge for things other than copies, that it could charge for this entire process through which people request their medical records. But does that come out to more than 75 cents a page? No. No. So the evidence, there's a dispute of fact. In fact, Judge Engelmeyer expressly found that there are disputed issues of fact concerning the calculations of costs in this case and the proper tabulation of costs in this case. And so there is definitely a fact issue over which costs and whether those costs would get anywhere close to 75 cents per page. How do you feel about certification to the New York State Court of Appeals? I think on the issue of whether Health Port can be the defendant here, the court does not need to certify that question because they've stipulated they're willing to accept responsibility. But they haven't. I'm sorry? You just said they haven't. No. I think that that's wrong. I think the stipulation says Health Port agrees that it is subject to the obligations. But they can't stipulate the statutory construction. No, of course not. But they've said that the buck stops with them in this case. And I think what's crucial is that—excuse me—is that even Judge Engelmeyer had recognized that that's how they chose to litigate the case. So whether it's because we're a third-party beneficiary, which I think is an important point, because if we're a third—if our clients are third-party beneficiaries, they don't have to sue Beth Israel. They can sue the promisor or the promisee. And they're absolutely an intended third-party beneficiary here because who else does this provision benefit? And there's no dispute the contract obligates Health Port—the contract between Health Port and Beth Israel—obligates Health Port to abide by the terms of the statute. So what I find very ironic is that Mr. Lefkowitz would say that Judge Engelmeyer properly concluded that we shouldn't get fixated on the mechanics of how the charges happen here because of the notion that if Health Port had charged Beth Israel and Beth Israel had passed it along, that would be the fee. But we're making a sort of formalistic argument about how to sue in the most inefficient way possible. Health Port stood up and said very efficiently, yeah, yeah, we're responsible. And they accepted that throughout the litigation and they stipulated to it. And now they're coming along and saying, oh, well, they can sue Beth Israel. I mean, I think that Health Port's having it—trying to have it both ways. Thank you, counsel. Thank you both. Thank you. We'll reserve decision.